# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NORMAN SALLITT, JR.,
:   No. 3:07cv361
             **Plaintiff**
:
    v.
:   (Judge Munley)

BARRY STANKUS, LUZERNE
COUNTY, and GEORGE KAMAGE, JR.,
             **Defendants**
:

## MEMORANDUM and ORDER

Before the court for disposition is the plaintiff's motion for reconsideration of the court's order on plaintiff's motion for the award of attorney's fees and costs. For the reasons that follow, the motion will be denied.

**Standard of review**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir. 1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Plaintiff argues that our reduction of his request for attorney's fees and costs is a clear error of law. We disagree and the motion will be

denied. As plaintiff appears convinced of the validity of his position, however, we will provide further clarification.

As set forth in our memorandum of May 26, 2010, the first step in determining a reasonable attorney fee for a prevailing party is to calculate the "lodestar" amount. The lodestar amount is derived by multiplying the number of hours worked on the case by a reasonable attorney's fee. Once the lodestar is determined, the amount may be reduced to reflect the degree of success that the plaintiff achieved. After determining the lodestar amount in this case, we reduced it by 50%. The plaintiff does not challenge our determination of the lodestar amount. He takes issue with our reduction of the amount.

Plaintiff asserts that the lodestar may only be reduced regarding time spent on unsuccessful claims that is distinct and separate from time spent on successful claims. In support of his position, plaintiff quotes extensively from <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983) (<u>see</u> Doc. 137, Plaintiff's Brief in Support of Motion for Reconsideration, at 4 - 6). Plaintiff quotes <u>Hensley</u>'s discussion of calculating the attorney's fee in situations where the plaintiff obtained excellent results justifying a fully compensatory fee. <u>Hensley</u>, 461 U.S. at 435. The Court proceeded, however, to discuss the situation that is more appropriate in the instant case, the situation where the plaintiff had merely partial success. The Court explained: "If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. **This will be true even where the plaintiff's claims were interrelated**, non-frivolous, and raised in good faith. Congress has not authorized an award of fees

2

whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained." Id. at 436 (emphasis added).

The Court explained, for example, that where a plaintiff recovers on only one of six claims, a fee award based on hours claimed for work on the entire case would be excessive. Id. This is precisely the case before us. After filing the amended complaint, the plaintiff had a total of six claims. Before trial, he dropped two of these claims, and four claims went to the jury. The jury found for the plaintiff on only one of these claims. (See Memorandum and Order of May 26, 2010 at 20-21). According to the Supreme Court, we may "attempt to identify specific hours that should be eliminated, or . . . simply reduce the award to account for the limited success." Hensley, 461 U.S. at 436-37.

The Third Circuit Court of Appeals has explained that where we choose to "reduce the award to account for the limited success" we may "make a percentage reduction[.]" Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 925 n.44 (3d Cir. 1985). The Third Circuit Court of Appeals and many district courts within the Third Circuit have, indeed, approved of or made such a percentage reduction as we did in our memorandum. See Spencer v. Wal-Mart Stores, 469 F.3d 311, 317-18 (3d Cir. 2006) (affirming a 75% reduction in attorney's fees based upon limited success); Witkowski v. Internat'l Brotherhood of Boilermakers, Iron Shipbuilders, Civ. No. 06-874, 2010 WL 1433104 at *15 (W.D. Pa. Apr. 10, 2010) (reducing lodestar by 10% for limited success); see also Orson, Inc. v. Miramax Film, Corp., 14 F. Supp. 2d 721, 727 (E.D. Pa. 1998) (reducing

the lodestar amount by 75% to account for limited success) citing Washington v. Philadelphia, 89 F.3d 1031, 1044 (3d Cir. 1996) (affirming district court's reduction of the lodestar by 50% to account for limited success); Hall v. American Honda Motor Co., 1997 WL 732458 (E.D. Pa.) (reducing lodestar by 10% to account for limited success); Carter-Herman v. City of Philadelphia, 1997 WL 48942 (E.D. Pa.) (reducing lodestar by 20% to account for limited success); Schofield v. Trustees of Univ. of Pennsylvania, 919 F. Supp. 821 (E.D. Pa. 1996) (reducing lodestar by two-thirds to account for limited success); Taylor v. Chrysler Corp., 1995 WL 635195 (E.D. Pa.) (reducing lodestar by $500 to account for limited success); Planned Parenthood of Southeastern Pennsylvania v. Casey, 869 F. Supp. 1190 (E.D. Pa. 1994) (reducing lodestar by 60% to account for limited success), adopted in part by 60 F.3d 816 (3d Cir.1995); Rainey v. Philadelphia Hous. Auth., 832 F. Supp. 127 (E.D. Pa. 1993) (reducing lodestar by 60% to account for limited success); Davis v. Southeastern Pennsylvania Transportation Authority, 735 F. Supp. 158 (E.D. Pa. 1990), aff'd, 924 F.2d 51 (3d Cir.1991) (reducing lodestar by two-thirds to account for limited success).

It was not an error, therefore, for this court to reduce plaintiff's attorney fee award by a percentage. By way of clarification, however, we did not, in our initial memorandum, mean to suggest that plaintiff prevailed on 50% of his claims, and therefore, was entitled to 50% of his requested fee. Such a mechanized mathematical computation may indeed be beyond our discretion.[1] We merely meant to explain that out of the four

---

[1] See Public Inter. Research Grp. of N.J. v. Windall, 51 F.3d 1179, 1189-90 (3d Cir. 1995).

4

claims that plaintiff pursued, the jury found for him on only one. We did not, however, reduce the fee by 75% as a direct mathematical approach would have. We performed a closer examination and determined that for purposes of determining degree of plaintiff's success, the plaintiff had prevailed on one of his suspension causes of action, and did not prevail on any his termination causes of action, thus 50% appeared to be a fair reduction of the attorney fees. This is so because there were two causes of action with regard to the suspension, which could arguably be inter-related, and two distinct causes of action with regard to the termination. However, we made the decision to reduce the award by 50% based not only on the number of claims that plaintiff prevailed upon and its interrelated claim. Rather it is based upon our familiarity with the case, our observation of counsel throughout the trial and pretrial proceedings, and a full review of the level of success that plaintiff achieved including the fact that plaintiff's expert testified that plaintiff suffered an economic loss of $687,000.00 to $1,657,035.00 and the jury only awarded $125,000 in economic damages.[2]

Apparently, plaintiff seeks to have no reduction because the claim he prevailed on is so interrelated with the three to five claims on which he did not prevail. Plaintiff's claims are not all interrelated. Plaintiff prevailed on the issue of due process with regard to his suspension. Much of the evidence presented at trial, and presumably, work done pretrial, applied to

---

[2]We reject plaintiff's claim that he obtained "substantial success." As noted above, he prevailed on only one claim out of six that were pursued during the course of litigation. Moreover, the damages the jury awarded are substantially lower than the amount testified to by the plaintiff's economic expert.

5

the distinct claims that defendants suspended or terminated his employment for his political affiliation or terminated him in retaliation for bringing a lawsuit. Plaintiff did not prevail on any of these three claims. The whole case would have been much simpler if the sole issue was the one distinct issue which plaintiff prevailed on, that is, whether he was provided due process with regard to his suspension. The court is simply without discretion to award plaintiff his full fee where he achieved such limited success on distinct claims.

In support of his position, plaintiff cites to an unpublished and therefore non-precedential opinion of the Third Circuit Court of Appeals. Tenafly Eruv Ass'n v. Borough of Tenafly, 195 Fed. Appx. 93 (3d Cir. 2006). In Tenafly, the court held that although plaintiff prevailed on only one claim, a full attorney's fee was warranted. The court reached this conclusion because all three of plaintiff's claims were based on a common core of facts and arguments which were intertwined. Id. at 96. In that case, the plaintiff argued that the actions of the defendant violated its rights under the Free Speech and Free Exercise Clause of the First Amendment to the United States Constitution and a violation of the Fair Housing Act. Id. The same facts supported each cause of action. In the instant case, the plaintiff could have asserted the claim which he prevailed on, without entering the factual evidence regarding his other claims, or asserted the claims he did not prevail on without delving into the facts on the claim that he did succeed on. Whether he was provided due process regarding his suspension may have some common facts with regard to this other claims, but the claims are nonetheless distinct, especially the claims regarding his termination. To decide the issue of due process the jury did not have to

hear evidence regarding plaintiff's political affiliation or about him bringing suit or even about his eventual termination. Despite plaintiff's vigorous arguments to the contrary, the claims are in fact distinct, and it is appropriate to reduce the attorney's fees award.

**Conclusion**

Accordingly, the plaintiff's motion for reconsideration will be denied. He simply is not entitled to full compensation where he prevailed, at most, on 25% of his claims. A review of his performance, however, and the degree of success he did achieve, indicates that a reduction of only 50% is warranted. Accordingly,

**AND NOW**, to wit, this 21st day of June 2010, the plaintiff's motion for reconsideration (Doc. 136) is **DENIED**.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**